UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

UNITED STATES OF AMERICA,

v.

JOHN LOPEZ,

*Defendant.*

---------------------------------------x

**ORDER**

12-CR-358 (KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

John Lopez ("Mr. Lopez"), currently incarcerated at the United States Penitentiary, Hazelton in Preston County, West Virginia ("USP Hazelton"), filed a motion to correct the Bureau of Prison's ("BOP") computation of his sentence. The relief Mr. Lopez seeks should be pursued pursuant to 28 U.S.C. § 2241. The court cannot, however, construe Mr. Lopez's motion as a habeas petition without first providing Mr. Lopez an *Adams* warning and affording him the opportunity to withdraw his motion, rather than having it so recharacterized.

Accordingly, Mr. Lopez is granted thirty (30) days to inform the Court whether he objects to recharacterizing his motion as a petition brought pursuant to § 2241, or if he instead seeks to withdraw his motion. Mr. Lopez is advised that if he chooses to have his motion construed as a § 2241 petition, he may be precluded from further habeas review, should he seek to file another petition in the future.

**Background**

Mr. Lopez moves to correct the BOP's computation of his sentence. (ECF No. 34, Motion to Correct Sentence ("Pl.'s Mot.").) Mr. Lopez's motion alleges the following facts, which the Court recounts only to provide context for the relief Mr. Lopez seeks in this action:

On April 27, 2012, Mr. Lopez was arrested for a state parole violation. (*Id.* at 1.) Mr. Lopez was arraigned and transferred to Rikers Island for housing, pending adjudication of the state parole violation. (*Id.*)

On May 9, 2012, before the state adjudicated Mr. Lopez's parole violation, the United States Marshals Service ("USMS") arrested Mr. Lopez on the indictment underlying the instant federal action. (*Id.*) The USMS transferred Mr. Lopez to the Metropolitan Detention Center (the "MDC") in Brooklyn, New York, pending adjudication of the federal charges. (*Id.*)

In July 2012, during his incarceration at the MDC, Mr. Lopez appeared before a state court for a parole violation hearing. (*Id.* at 2.) The state court sentenced Mr. Lopez to one year in custody. (*Id.*) The state court stated that "should [Mr. Lopez's] federal custody end prior to the [one]-year state sentence impos[ed], then [Mr.] Lopez will be . . . transferred to [New York] State's Department of Corrections to finish out his [one]-year sentence. However, if the federal custody or

sentence should extend out beyond the date of the . . . sentence impos[ed] [by New York State,] then [Mr. Lopez's state] sentence will run concurrent to said federal custody and subsequently end[,] ending [Mr. Lopez's] parole and state sentence." (*Id.*) Mr. Lopez was then returned to the MDC. (*See id.* at 4.)

On July 26, 2013, Mr. Lopez pleaded guilty to one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a), and two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d). (ECF No. 18, Minute Entry for Criminal Cause for Pleading.) On February 9, 2015, former United States District Judge Sandra L. Townes sentenced Mr. Lopez to concurrent ninety-six-month sentences on each count. (ECF No. ECF No. 30, Minute Entry for Criminal Cause for Sentencing.) Judgment entered on March 31, 2015. (ECF No. 31, Judgment.)

On March 13, 2019, Mr. Lopez filed the instant motion to correct the BOP's computation of his sentence. (*See generally* Pl.'s Br.) The BOP granted Mr. Lopez credit for time served beginning on April 29, 2013. (*Id.*, Ex. A.) Mr. Lopez argues that the BOP should have credited him for time served beginning February 9, 2012, because the state sentencing judge essentially imposed a state sentence concurrent, not consecutive, to his federal sentence. (*Id.* at 3-4.) Mr. Lopez claims that an appropriate computation of his sentence would render him eligible for immediate release. (*Id.* at 4.)

## Discussion

### I. Characterizing Mr. Lopez's Motion

Mr. Lopez styled his filing as a "motion for *nunc pro tunc*." Mr. Lopez is proceeding *pro se*, and his self-styled motion does not clearly indicate the appropriate basis for the relief he seeks. The threshold question before the Court is, therefore, how to properly characterize the instant motion.

a. 28 U.S.C. § 2241

The remedy Mr. Lopez seeks is credit for time served beginning February 9, 2012. Such relief is to be pursued under 28 U.S.C § 2241. *See, e.g.*, *Ortiz-Alvear v. Lappin*, No. 08-CV-268 (JG), 2008 WL 2242559, at *2 (E.D.N.Y. May 29, 2008) ("A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the vehicle for a federal prisoner's challenges to the execution of his sentence such as 'calculations by the Bureau of Prisons of the credit to be given for other periods of detention.'" (quoting *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003))); *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002) ("Under § 2241, a prisoner may challenge the execution of his sentence, such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention . . . ."). The Court would lack jurisdiction over any such petition.

A prisoner must file a § 2241 petition in the judicial district with jurisdiction over his custodian. *Rumsfeld v.*

*Padilla*, 542 U.S. 426, 434-35, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *see also id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

Mr. Lopez filed his motion in this Court while incarcerated at the United States Penitentiary, Lewisburg ("USP Lewisburg") in Pennsylvania. (*See* Pl.'s Br. at 1 (noting address at time of filing as USP Lewisburg).) Mr. Lopez was later transferred to, and is currently incarcerated at, USP Hazelton in West Virginia. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited April 28, 2020). Neither BOP location is within this district. Thus, to the extent Mr. Lopez seeks § 2241 relief, his petition was improperly filed in the Eastern District of New York and would likely be dismissed for lack of jurisdiction or, alternatively, transferred to the appropriate district in the interest of justice.[1] *See, e.g.*, *Curtis v. Billingsey*, No. 12-CV-4906 (DLI),

[1] To the extent Mr. Lopez moves the court to recalculate his sentence and award credit for good-time served, that responsibility lies, in the first instance, with the Attorney General who, in turn, has delegated this authority to the BOP. 28 C.F.R. § 0.96; *see also United States v. Wilson*, 503 U.S. 329, 333 (1992). A prisoner who wishes to challenge the BOP's

2016 WL 1306528, at *4 (E.D.N.Y. Mar. 31, 2016) (transferring § 2241 claims challenging computation of prison time to appropriate judicial district); *Ortiz-Alvear*, 2008 WL 2242559, at *3 (same).

b. <u>28 U.S.C. § 2255</u>

Mr. Lopez's motion does not challenge his attorney's performance at sentencing. The Court is cognizant, however, that Mr. Lopez could conceivably argue that his attorney provided ineffective assistance at sentencing by failing to request that Judge Townes impose his federal sentence as concurrent, not consecutive, to his state sentence. Such relief is properly requested pursuant to 28 U.S.C. § 2255. Any such petition would be untimely.

A one-year statute of limitations governs petitions filed pursuant to 28 U.S.C. § 2255. This time starts to run from "'the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created

---

calculation of his sentence has administrative remedies available to him. *Wilson*, 503 U.S. at 335 (citing 28 C.F.R. §§ 542.10-542.16). Before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies with the BOP. *See, e.g.*, *United States v. Keller*, 58 F.3d 884, 894 ("To obtain sentencing credit . . . a federal prisoner must first exhaust his administrative remedies before seeking judicial relief."). Mr. Lopez explicitly concedes that he failed to exhaust his administrative remedies. (Pl.'s Mot. at 3.) Although this would generally bar Mr. Lopez's claim, *see Wright v. Hudson*, No. 12-CV-1638, 2015 WL 5971055, at *3 (N.D.N.Y. Oct. 14, 2015) ("Thus, with respect to a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance."), Mr. Lopez appears to argue that he should be granted an exception from the exhaustion requirement, which is a question for the reviewing court which holds jurisdiction over his petition.

impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.'" *Curtis v. Billingsey*, No. 12-CV-4906 (DLI), 2016 WL 1306528, at *3 (E.D.N.Y. Mar. 31, 2016) (quoting *Torres v. United States*, No. 11-CV-8397, 2012 WL 4646222, *1 (S.D.N.Y. Oct. 3, 2012)); *see also Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000).

Judgment against Mr. Lopez entered on March 31, 2015. (ECF No. 31, Judgment.) Mr. Lopez did not appeal his conviction, so it became final on April 14, 2015. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Because Mr. Lopez alleges no facts showing that any of the other benchmarks operate as the beginning of the limitations period, April 15, 2016 was the date by which Mr. Lopez was required to file a § 2255 petition. Mr. Lopez's § 2255 petition would, therefore, be dismissed as untimely.

## II. *Adams* Warning

Although Mr. Lopez's motion seeks relief properly pursued through a habeas petition, the Court cannot construe it as either a § 2241 petition or a § 2255 petition without Mr.

Lopez's consent. The Court heeds the Second Circuit's caution against converting mislabeled applications into habeas petitions considering the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive applications for habeas relief without leave of the Circuit Court. *See Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam). In *Adams v. United States*, the Second Circuit held that:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams*, 155 F.3d at 584. The United States Supreme Court later ruled that:

> [i]n such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro v. United States*, 540 U.S. 375, 383 (2003). "[*Adams*] has been extended to mislabeled submissions wherein the relief

sought can only be provided via a habeas corpus petition brought under § 2241." *United States v. Boghosian*, No. 05-CR-351-01 (LAP), 2010 WL 11651994, at *2 (S.D.N.Y. May 13, 2010) (citing *Simon v. United States*, 359 F.3d 139, 143-44 (2d Cir. 2004)).

Accordingly, the Court hereby gives an "*Adams*" notice to Mr. Lopez. *See Adams*, 155 F.3d at 584. The relief Mr. Lopez seeks, to correct the BOP's computation of his sentence, is based on 28 U.S.C. § 2241, and proceeding under § 2241 may be his only opportunity to seek habeas corpus relief challenging the execution or imposition of his sentence. "Any subsequent § 2241 petition or § 2255 motion filed by Defendant, wherein he challenges either the execution or imposition of his abovementioned federal sentence, could be considered a 'second or successive' petition or motion under the AEDPA." *Id.*

Pursuant to *Adams*, Mr. Lopez is granted the opportunity to withdraw his motion to protect that opportunity, or to file an amended petition setting forth all the habeas claims he believes he has. Mr. Lopez is granted thirty (30) days to indicate whether he intends to withdraw his motion rather than have it re-characterized as a petition for habeas relief. *See, e.g.*, *United States v. Lajud-Pena*, 655 F. App'x 35, 37 (2d Cir. 2016) (remanding notice of appeal to convert into a § 2255 motion, after giving petitioner an opportunity to withdraw his notice).

Because Mr. Lopez makes no reference to his attorney's performance, the Court finds it would not be appropriate to construe his motion, as framed, as asserting a § 2255 petition alleging ineffective assistance of counsel. *Castro v. Simon*, No. 17-CV-6083 (AMD) (LB), 2019 WL 136692, at *3 (E.D.N.Y. Jan. 7, 2019) (citing *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)) (explaining that the reviewing court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist"). As discussed above, even if Mr. Lopez wants to bring a petition pursuant to § 2255, it would be dismissed as untimely. If Mr. Lopez does not object to recharacterization, therefore, the Court will convert his motion into a § 2241 petition and may thereafter dismiss or transfer this action if it determines that this district is not the proper venue for Mr. Lopez's action. *See* 28 U.S.C. § 1406(a).

**Conclusion**

Mr. Lopez is directed to comply with this Order as set forth above. Within thirty (30) days of the date of this Order, Mr. Lopez will inform the Court whether he objects to recharacterizing his motion as a petition brought pursuant to § 2241, or if he instead seeks to withdraw his motion. The Clerk of Court is respectfully directed to update Mr. Lopez's address on the docket to reflect that he is currently held in Bruceton Mills, West Virginia, rather than Bruceton Hills, New York. The

Clerk of Court if further directed to serve a copy of this Order on Mr. Lopez and note service on the docket.

**SO ORDERED.**

Dated: April 29, 2020
Brooklyn, New York

/s/
Hon. Kiyo A. Matsumoto
United States District Judge